IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CT-3105-F

| | | |
|---|---|---|
| LINDO NICKERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOSEPH B. HALL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on several post-judgment motions filed by Plaintiff [DE-18, 20, 21]. For the following reasons, each of these motions is DENIED.

Plaintiff filed this civil action under 42 U.S.C. § 1983, alleging, *inter alia*, that Defendants exposed him to secondhand smoke. Compl. [DE-1]. The court dismissed Plaintiff's complaint as frivolous on March 20, 2014 [DE-14]. On April 16, 2014, Plaintiff filed a "memorandum of law in opposition to Defendant's motion to dismiss" [DE-18].[1] In this filing, Plaintiff contends that the March 20, 2014 "motion to dismiss is not clearly supported . . . and [its] contentions are incorrect." Mot. [DE-18], p. 1. Because Plaintiff asserts that the court's March 20, 2014 order is "incorrect" and "not clearly supported," the court will, out of an abundance of caution, construe this filing as a motion for reconsideration.

Rule 59(e) of the Federal Rules of Civil Procedure permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton

---

[1] No such motion was filed by Defendants. To reiterate, Plaintiff's complaint was dismissed during frivolity review. March 20, 2014 Order [DE-14].

Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotations omitted); see also Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

Plaintiff's motion for reconsideration fails to satisfy the standard to alter or amend a judgment. Indeed, the instant motion for reconsideration merely reiterates the allegations contained in Plaintiff's complaint. These arguments and contentions have already been considered and rejected by this court. Accordingly, Plaintiff's motion for reconsideration shall be denied under Rule 59(e).

Alternatively, to the extent that Plaintiff may be requesting relief under Rule 60(b) of the Federal Rules of Civil Procedure, such request is also denied. Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect; . . . [or] fraud . . . , misrepresentation, or misconduct by an opposing party . . . ." Fed. R. Civ. P. 60(b)(1), (3). Under Rule 60(b), "a moving party must show that his motion is timely, that he has a meritorious [claim or defense] . . . , and that the opposing party will not be unfairly prejudiced by having the judgment set aside." Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993) (quotations omitted); see Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 810 (4th Cir. 1988) (per curiam). If a party meets these threshold conditions, "he must satisfy one of the six enumerated grounds for relief under Rule 60(b)." Gray, 1 F.3d at 266. For the reasons stated above, the court concludes that Plaintiff has not

2

met the requisite threshold showings. Consequently, he is not entitled to relief under Rule 60(b).

Plaintiff has also filed a motion requesting the appointment of counsel [DE-20]. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Plaintiff's claims are not particularly complex, nor do other exceptional circumstances exist. Furthermore, Plaintiff has demonstrated through his filings that he is capable of proceeding pro se. Moreover, in light of the fact that Plaintiff's complaint has been dismissed as frivolous, this request is moot. Therefore, Plaintiff's motion to appoint counsel [DE-20] is DENIED.

Finally, Plaintiff has filed a motion requesting emergency injunctive relief [DE-21]. The substantive standard for granting a temporary restraining order is the same as that for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In Winter, the Supreme Court rejected the "standard that allowed the plaintiff to

3

demonstrate only a possibility of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (quotations omitted), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam). Here, because his complaint has been dismissed as frivolous, Plaintiff has not established that he is likely to succeed on the merits. Accordingly, his motion for injunctive relief [DE-21] is DENIED.

For the foregoing reasons, Plaintiff's post-judgment motions [DE-18, 20, 21] are DENIED.

SO ORDERED.

This the 24 day of December, 2014.

_____
JAMES C. FOX
Senior United States District Judge